FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

07 FEB 20  PM 12: 05

OFFICE OF THE CLERK

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ENTIRE RECYCLING, INCORPORATED, | ) |
| BROCK GRAIN COMPANY, INCORPORATED | ) |
| JAMES D. GERKING | ) |
|  | ) |
|  | ) |
| Defendants. | ) |

Civil Action No. 8:06cv766

## CONSENT DECREE

## I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA") and the United States Coast Guard of the Department of Homeland Security ("Coast Guard"), filed a Complaint against the Defendants pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601 et seq., as amended ("CERCLA"), the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. 2701 et seq., and the Federal Water Pollution Control Act, also known as the Clean Water Act ("CWA"), 33 U.S.C. § 2151 et seq. The Complaint seeks to recover costs incurred by the United States in responding to a release of hazardous substances and oil caused by a fire that began on January 23, 2002 on property owned and/or operated by Defendants.

U.S. v. EnTire Recyling, Brock Grain
and James D. Gerking Consent Decree

B. The Defendants who have entered into this Consent Decree ("Defendants") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint.

C. The United States and Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. §§ 9606, 9607 and 9613(b), 33 U.S.C. § 1321(f)(2) and 2717(b) and also has personal jurisdiction over Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, the Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Defendants and their heirs, successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Defendants under this Consent Decree. Within 30 days of

any change in ownership or corporate or other legal status affecting Defendants' obligations

under this Consent Decree, Defendants shall provide the United States with notice of the change,

in accordance with Section XIV (Notices and Submissions) of this Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which

are defined in CERCLA, OPA or the CWA, or in regulations promulgated under CERCLA, OPA

or the CWA, shall have the meaning assigned to them in such statutes or in such regulations.

Whenever terms listed below are used in this Consent Decree the following definitions shall

apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response,

Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

b. "Coast Guard" shall mean the United States Coast Guard of the United States

Department of Homeland Security and predecessor or successor departments, agencies or

instrumentalities.

c. "Consent Decree" or "Decree" shall mean this Consent Decree.

d. "CWA" shall mean the Federal Water Pollution Control Act, 33 U.S.C. § 1251

et seq.

e. "Day" shall mean a calendar day. In computing any period of time under this

Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the

period shall run until the close of business of the next working day.

f. "Defendants" and "Settling Defendants" shall mean EnTire Recycling,

Incorporated, Brock Grain Company, Incorporated and James D. Gerking.

U.S. v. EnTire Recyling, Brock Grain
and James D. Gerking Consent Decree          3

g. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

h. "EnTire Fire" shall mean the fire that began on January 23, 2002 at 215 North First Street, Nebraska City, Nebraska 68410.

I. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

j. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

k. "Facility" shall mean the real property, buildings and improvements located at 215 North First Street, Nebraska City, Nebraska 68410 and all other areas where hazardous substances or oil released in connection with the EnTire Fire came to be located.

l. "Fund" or "the Fund" shall mean the Oil Spill Liability Trust Fund as established by the Internal Revenue Code, 26 U.S.C. § 9509.

m. "Interest" shall mean interest at the current rate specified and calculated at the rate established by the Secretary of the Treasury pursuant to 28 U.S.C. § 1961.

n. OPA shall mean the Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq.

o. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

p. "Parties" shall mean the United States and the Defendants.

q. "Past Costs" shall mean all costs incurred through the date of entry of this Consent Decree by EPA, the Fund, and/or the Coast Guard in responding to the release or threat

of release of hazardous substances and/or oil in connection with the EnTire Fire, including accrued Interest on all such costs through the date of entry of this Consent Decree.

r. "Plaintiff" shall mean the United States.

s. "Property" shall mean the real property, buildings and improvements thereon located at 215 North First Street, Nebraska City, Nebraska 68410.

t. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

u. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendants to make a cash payment in accordance with Section VI (Reimbursement of Response Costs) in order to address their alleged liability under CERCLA, OPA and the CWA arising from the EnTire Fire as provided in Section VIII (Covenant Not to Sue by Plaintiffs) and subject to Section IX (Reservations of Rights by the United States).

## VI. REIMBURSEMENT OF PAST COSTS

5. Within 30 days of entry of the Consent Decree Defendants shall pay to the United States the amount of TWO HUNDRED AND ONE THOUSAND DOLLARS ($201,000.00). Of this amount, $3277 is for reimbursement of costs incurred by EPA and/or the EPA Hazardous Substance Superfund, and the remainder, $197,723, is for reimbursement of costs incurred by the U.S. Coast Guard and/or the Oil Spill Liability Trust Fund.

a. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing the Civil Action Number assigned to this case, the Coast Guard's Federal Project Number ("FPN") N02051, EPA Site ID No. A7 1Q, USAO 2006V0034, and DOJ Case Number 90-5-1-1-08431. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Nebraska following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 pm Eastern Time shall be credited on the next business day.

b. At the time of payment, Defendants shall send notice that payment has been made to the Coast Guard, EPA and DOJ in accordance with Section XIV (Notices and Submissions).

## VII.  **FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE**

6. Interest on Late Payments.  In the event that any payment required by Section VI (Reimbursement of Response Costs) or Section VII, Paragraph 7 is not received when due, interest shall continue to accrue on the unpaid balance through the date of payment.

7. Stipulated Penalties.

a. If any amounts due under this Consent Decree are not paid by the required date, Defendants shall pay to Plaintiff, as a stipulated penalty, in addition to the Interest required by Paragraph 6, of $100 per day that such payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by United States. All payments to United States under this Paragraph shall be made by Fedwire Electronic Transfer (EFT) to the United States Department

of Justice as set forth in Paragraph 5 above in accordance with the instructions provided by the Office of the United States Attorney. Defendants shall send notice that payment has been made to the Coast Guard, EPA and DOJ in accordance with Section XIV (Notices and Submissions).

c. Penalties shall accrue as provided in this Paragraph regardless of whether United States has notified Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment was due and shall continue until all amounts owed (including interest and stipulated penalties) have been paid.

8. If the United States brings an action to enforce this Consent Decree, Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time, unless the Court orders otherwise.

9. Payments made under Paragraphs 6, 7 and 8 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Defendants' failure to comply with the requirements of this Consent Decree.

10. The obligations of Defendants to pay amounts owed the United States under this Consent Decree are joint and several. In the event of the failure of any one or more Defendants to make the payments required under this Consent Decree, the remaining Defendants shall be responsible for such payments.

11. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

## VIII. COVENANT NOT TO SUE BY PLAINTIFF

U.S. v. EnTire Recyling, Brock Grain
and James D. Gerking Consent Decree          7

12. Except as specifically provided in Section IX (Reservation of Rights by the United States), the United States covenants not to sue or to take administrative action against Defendants pursuant to Sections 106 or 107(a) of CERCLA, 42 U.S.C. §§ 9606 or 9607(a), Section 1002 of the OPA, 33 U.S.C. § 2702, and Section 311 of the CWA, 33 U.S.C. § 1321, to recover Past Costs. This covenant shall take effect upon receipt by United States of all payments required by Section VI (Reimbursement of Response Costs) and any amount due under Section VII (Failure to Comply with Requirements of Consent Decree). This covenant not to sue extends only to Settling Defendants and does not extend to any other person. This covenant not to sue is conditioned upon the satisfactory performance by Defendants of their obligations under this Consent Decree.

## IX. **RESERVATION OF RIGHTS BY THE UNITED STATES**

13. The covenant not to sue set forth in Section VIII (Covenant Not To Sue by Plaintiff) does not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Defendants with respect to all other matters, including but not limited to:

a. liability for failure of Defendants to meet a requirement of this Consent Decree;

b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c. criminal liability;

d. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Costs; and

U.S. v. EnTire Recyling, Brock Grain
and James D. Gerking Consent Decree          8

e. liability arising after the date of entry of this Consent Decree for

injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C § 9606, Sections 311(c) and (e) of the CWA, 33 U.S.C. § 1321(c) and (e), and Section 7003 of the Solid Waste Disposal Act, 42 U.S.C. § 6973(a).

14. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendants (1) to perform response actions relating to the EnTire Fire or (2) to reimburse the United States for additional costs of response if

> (I) conditions at the Facility, previously unknown to United States, are discovered, or

> (ii) information concerning the Facility, previously unknown to United States, is received, in whole or in part,

and United States determines that these previously unknown conditions or information together with any other relevant information indicates that the response actions undertaken at the Facility in response to the EnTire Fire are not protective of human health or the environment.

## X. COVENANT NOT TO SUE BY DEFENDANTS

15. Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Facility or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C.

U.S. v. EnTire Recyling, Brock Grain
and James D. Gerking Consent Decree        9

§§ 9606(b)(2), 9607, 9611, 9612, or 9613, or from the Oil Spill Liability Trust Fund relating to the EnTire Fire.

b. any claim arising out of the response actions undertaken in connection with the EnTire Fire, including any claim under the United States Constitution, the Nebraska Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; and

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the EnTire Fire.

16. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

17. Except as provided in Paragraph 15, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 15, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Facility against any person not a Party hereto.

18. The Parties agree, and by entering this Consent Decree this Court finds, that Defendants are entitled, as of the date of entry of this Consent Decree, to protection from

contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for Past Costs.

19. Each Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify United States and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify United States and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, each Defendant shall notify United States and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

20. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Facility, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XII. CERTIFICATION

21. By signing this Consent Decree, each Defendant certifies individually that, to the best of his or her knowledge and belief, he or she has:

a. conducted a thorough, comprehensive, good faith search for records, and has fully and accurately disclosed to United States, all information currently in its possession, or in the possession of its officers, directors, employees, contractors or agents, which relates in any way to the EnTire Fire, the ownership, operation or control of the Property, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, oil, pollutant or contaminant at or in connection with the Property and the financial condition of the Defendants;

b. not altered, mutilated, discarded, destroyed or otherwise disposed of any records relating to its potential liability regarding the EnTire Fire, after notification of potential liability or the filing of a suit against the Defendant regarding the EnTire Fire; and

c. fully complied with any and all United States requests for information regarding the EnTire Fire, the Property and Defendants' financial condition.

## XIII. MODIFICATIONS

22. This Consent Decree may be modified by mutual agreement of the Parties. Any such amendment shall be in writing and shall be signed by an authorized representative of the Parties. Unless otherwise provided in the amendment, the effective date of any such modification shall be the date on which the written modification or agreement is signed by United States after signature of the Defendants' authorized representative. All modifications shall be incorporated into and become a part of this Consent Decree.

## XIV. NOTICES AND SUBMISSIONS

23. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at

the addresses specified below, unless those individuals or their successors give notice of a change

to the other Parties in writing. Written notice as specified herein shall constitute complete

satisfaction of any written notice requirement of the Consent Decree with respect to the United

States, United States, DOJ, and Defendants, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-07430)
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:

Cheryle Micinski
Senior Regional Counsel
U.S. EPA, Region VII
901 North 5th Street
Kansas City, KS 66101

As to the Coast Guard

Stephen C. Ewart
Attorney-Advisor
National Pollution Funds Center, Legal Division
U.S. Coast Guard
4200 Wilson Blvd., Suite 1000
Arlington, VA 22203
(Re: FPN N02051)

As to Defendants:

James Gerking
Entire Recycling, Inc.
13974 US Hwy 136
Rock Port, MO 64482

## XV. **RETENTION OF JURISDICTION**

24. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI. **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

25. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Defendants consent to the entry of this Consent Decree without further notice.

26. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII. **EFFECTIVE DATE**

27. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XVIII. **SIGNATORIES/SERVICE**

28. Each undersigned representative of Defendants to this Consent Decree and the Deputy Section Chief of the Environmental Enforcement Section of the Environment and Natural Resources Division of the U.S. Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

U.S. v. EnTire Recyling, Brock Grain
and James D. Gerking Consent Decree      14

29. Each Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Consent Decree.

30. Each Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XIX. FINAL JUDGMENT

31. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.

SO ORDERED THIS _20ᵗʰ_ DAY OF _February_ _2007_

United States District Judge

U.S. v. EnTire Recyling, Brock Grain
and James D. Gerking Consent Decree          15

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v.</u>

<u>EnTire Recycling,</u>

FOR THE UNITED STATES OF AMERICA

Date: Dec 15, 2006

ELLEN MAHAN
Deputy Section Chief
Environmental Enforcement Section  Environment
and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone: 202-514-1447
Fax: 202-514-0097

Date: Dec. 15, 2006

ELIZABETH L. LOEB, Member of NY Bar
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone: 202-616-8916
Fax: 202-514-4180

JOE W. STECHER
United States Attorney
District of Nebraska

Date: 12/15/06

LAURIE KELLY, MA Bar #557575
Assistant United States Attorney
District of Nebraska
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Telephone: 402-661-3700, Fax: 402-661-3081
laurie.kelly@usdoj.gov

Date: 10/13/06

CECILIA TAPIA
Director, Superfund Division
U.S. Environmental Protection Agency
901 N. 5th Street
Kansas City, KS 66101

Date: 10-13-06

CHERYLE MICINSKI
Deputy Regional Counsel
U.S. Environmental Protection Agency
901 N. 5th Street
Kansas City, KS 66101
(913) 551-7471

Date: **12/19/06**

Stephen C. Ewart

STEPHEN C. EWART
Attorney Advisor
National Pollution Funds Center
Legal Division
United States Coast Guard
4200 Wilson Blvd., Suite 1000
Arlington, VA 22203-1804

Date: _____

ROBERT W. BRUCE
Acting Chief
Office of Claims and Litigation
U.S. Coast Guard, Headquarters
Washington, D.C. 20593-0001

U.S. v. EnTire Recyling, Brock Grain
and James D. Gerking Consent Decree          19

Date: _____

STEPHEN C. EWART
Attorney Advisor
National Pollution Funds Center
Legal Division
United States Coast Guard
4200 Wilson Blvd., Suite 1000
Arlington, VA 22203-1804

Date: 12/19/06

ROBERT W. BRUCE
Acting Chief
Office of Claims and Litigation
U.S. Coast Guard, Headquarters
Washington, D.C. 20593-0001

U.S. v. EnTire Recyling, Brock Grain
and James D. Gerking Consent Decree          19

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v.</u>

<u>EnTire Recycling</u>.

FOR DEFENDANTS ENTIRE RECYCLING,
INCORPORATED, BROCK GRAIN COMPANY,
INCORPORATED, and JAMES D. GERKING

Date: /0/23/06

JAMES D. GERKING
13974 US Hwy 136
Rock Port, MO 64482

Agent Authorized to Accept Service on Behalf of Above-signed Parties:

Name: _____

Title: _____

Address: _____

_____

_____